ORIGINAL

1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Brian C. Cannon (Bar No. 193071)
2    briancannon@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
3  Redwood Shores, California 94065-2139
   Telephone:   (650) 801-5000
4  Facsimile:   (650) 801-5100

5  Attorneys for IPCom GmbH & Co. KG

FILED
FEB 0 7 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 14   80037 MISC.   EJD

CASE NO.:

*In re* Ex Parte Application of

IPCom GmbH & Co. KG,

Applicant.

EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN
DISCOVERY FOR USE IN FOREIGN
PROCEEDINGS AND SUPPORTING
MEMORANDUM

*EX PARTE* APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

IPCom GMbH & Co. KG ("IPCom") applies to the Court *ex parte*[1] for an order pursuant to 28 U.S.C. § 1782 granting IPCom leave to obtain targeted discovery from Apple Inc. ("Apple") for use in a foreign litigation. This application is supported by the memorandum of points and authorities below and the Declaration of Brian C. Cannon, filed concurrently herewith. The proposed order and the subpoena to be served on Apple are attached to this application as Exhibits A and B, respectively.

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 1782, IPCom seeks from Apple copies of all license agreements Apple has concluded with third parties regarding patents that are declared essential to cellular standards UMTS and/or GSM, GPRS, and EDGE. The documents are directly relevant to disputed issues in the foreign proceedings and are in the possession of Apple in the United States. The statute in question specifically authorizes the production of documents such as those sought by IPCom. Accordingly, IPCom seeks the issuance of a subpoena as set forth in Exhibit B.

## II.   BACKGROUND

Apple sells wireless devices such as the iPhone and iPad that IPCom asserts infringe IPCom patents, including patents declared essential to wireless communication standards. With this filing, IPCom seeks documents from Apple for use in foreign proceedings. Under 28 U.S.C. § 1782, parties such as IPCom may obtain discovery for use in foreign litigations from companies

---

[1] Courts within this Circuit have authorized the *ex parte* filing of applications for discovery under 28 U.S.C. § 1782. *See, e.g.*, *In re Roebers*, No. C12-80145 MISC RS (LB), 2012 WL 2862122, at *2 (N.D. Cal July 11, 2012) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citation omitted); *In re Ex Parte Application of Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) ("Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.") (citations omitted); *In re Republic of Ecuador,* No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted *ex parte*. Such *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.") (internal quotations and citations omitted).

-1-

NLS

EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

located within the United States.

A disputed issue in the 2 O 53/12 and 2 O 95/13 actions in Germany concerns Apple's licenses for wireless communications technologies. In the pending German litigation, Apple claimed that it has allegedly concluded license agreements covering a number of patents that are declared essential to UMTS and GSM, GPRS, and EDGE. Such license agreements are directly relevant to the damages calculation in that action. Apple has not produced any of these license agreements to the German court. IPCom desires through the present application to obtain from Apple these license agreements.

IPCom's application satisfies Section 1782's three statutory requirements. First, it is in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Apple's global headquarters is in Cupertino, California. Second, IPCom seeks the discovery "for use in a proceeding in a foreign . . . tribunal," *id.*, including in at least the District Court of Mannheim, Germany. Third, IPCom qualifies as an "interested person" in those foreign proceedings because it is a party in those cases. See *id.*; *Intel Corp. v. Advanced Micro Devices, Inc.* 542 U.S. 241, 256 (2004) ("No doubt litigants are included among, and may be the most common example of, the 'interested persons' who may invoke § 1782.").

In addition to Section 1782's statutory requirements, the Supreme Court has set forth several non-exclusive factors to assist district courts in the exercise of their discretion in granting Section 1782 applications. See *id.* at 264-65. Each of these factors provides further support for IPCom's request. German courts are receptive to the type of discovery sought by IPCom, the discovery sought provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by German courts. In addition, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.

Accordingly, IPCom respectfully requests that the Court enter the order attached as Exhibit A, allowing IPCom to serve Apple with the subpoena attached as Exhibit B.

-2-

## III. LEGAL STANDARD

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-249; *In re Ex Parte LG Elect. Deutschland GmbH*, No. 12-cv-1197-LAB (MDD), 2012 WL 1836283, at *3 (N.D. Cal. May 21, 2012) ("[because] our courts favor broad discovery generally, the Court will authorize the issuance of the requested subpoena [under § 1782]"). Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements that authorize a district court to grant a Section 1782 application where "(1) the discovery is sought from a person residing in the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *In re Apple Inc.*, 2012 WL 1570043, at *1; *see also In re Gianasso*, No. C 12-80029 MISC SI, 2012 WL 651647, at *1 (N.D. Cal. Feb. 28, 2012); *In re Ecuador,* 2010 WL 3702427, at *2.

The Supreme Court has articulated several non-exclusive factors to help district courts determine how to exercise their discretion in granting Section 1782 applications, including "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding', (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) whether the request is 'an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the

discovery is 'unduly intrusive or burdensome.'" *In re Apple Inc.*, 2012 WL 1570043, at *1 (quoting *Intel Corp.*, 542 U.S. at 264-65). *See also Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *1-2 (N.D. Cal. Jan. 13, 2009).

## IV. ARGUMENT

Each of the statutory factors weighs in favor of granting IPCom's application. Each of the Supreme Court's discretionary factors articulated in *Intel Corp.* also favors the granting of IPCom's application.

### A. IPCom's Application Meets the Section 1782 Requirements.

IPCom's request for discovery meets all three statutory requirements.

*First*, the person from whom discovery is sought, Apple, "resides or is found" in this District. 28 U.S.C. § 1782(a). Apple has its principle place of business at 1 Infinite Loop, Cupertino, CA 95014, which is located within this District. (Ex. 1[2] (*See* http://www.apple.com/contact/ (last visited February 7, 2014)).

*Second*, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, IPCom seeks the information relating to Apple's claim in the action brought by IPCom in the Mannheim District Court that Apple has allegedly concluded license agreements covering more than 75% of all patents that are declared essential to UMTS and GSM, GPRS, and EDGE. As previous cases have recognized, this and related foreign adjudicative bodies qualify as "tribunals" for purposes of Section 1782. *See, e.g., Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany"); *Minatec Fin. S.A.R.L. v. SI Group Inc.*, Civ. No. 1:08-cv-269 (LEK/RFT), 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008) (permitted discovery for use in litigation pending in the Regional Court in Frankfurt, Germany).

---

[2] "Ex. __" refers to the Exhibits attached to the Declaration of Brian C. Cannon in Support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings, filed concurrently herewith.

-4-

*Third*, as a named party in the foreign actions, IPCom qualifies as an "interested" party. 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); *In re Roebers*, 2012 WL 2862122, at *3 ("there is no question that Ms. Roeber is an 'interested person' as she is a litigant in the proceeding").

Accordingly, IPCom has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### B. The Supreme Court's *Intel* Factors Strongly Favor Granting IPCom's Application.

The discretionary factors identified by the Supreme Court in *Intel Corp.* weigh heavily in favor of the Court granting IPCom's request for discovery.

#### 1. IPCom Seeks Highly Relevant Information That Will Assist the Foreign Court

The *Intel Corp.* Court advised courts to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. Apple has claimed in the foreign proceeding that it has concluded license agreements covering more than 75% of all patents that are declared essential to UMTS and GSM, GPRS, and EDGE. Discovery regarding Apple's license agreements is critical to IPCom's damages case. *See London v. Does 1-4*, 279 Fed. App. 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under Section 1782).

Indeed, in denying Nokia Inc.'s motion to quash a subpoena issued by Apple pursuant to Section 1782, Chief Judge Ware of this District recognized that the receptivity of the German courts "compelled" allowing the same type of discovery, for use in the same German cases, sought here by IPCom:

> Upon review, the Court finds that Nokia has not met its burden of demonstrating that the German courts would be unreceptive to U.S. judicial assistance or that Apple's request is an attempt to circumvent German proof-gathering restrictions. Here, the

-5-

evidence at issue consists of certain licenses and communications that are sought by Apple in order to show that Motorola violated an obligation to provide Apple a license on fair, reasonable and nondiscriminatory ("FRAND") terms.  Specifically, Apple seeks to show that Motorola violated its FRAND obligation by entering into license agreements with Nokia, an Apple competitor, on terms more favorable than those it offered to Apple.  Nokia presents no evidence to suggest that the German courts would disallow such evidence, once Apple has obtained it.  Rather, Nokia contends only that German rules of procedure do not provide a mechanism for a party to obtain such evidence.  However, in recognizing that "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or tradition" the Supreme Court anticipated situations such as these, and nonetheless found that the objections of § 1782 compelled discovery.

*In re Apple Inc.*, 2012 WL 1570043, at *2.[3]   Still other prior cases have recognized the receptiveness of German courts to the use of discovery obtained through Section 1782.  *See, e.g.*, *Heraeus Kulzer v. Biomet*, 633 F.3d 591, 596 (7th Cir. 2011); *Cryolife, Inc.*, 2009 WL 88348, at *3; *Minatec Fin.*, 2008 WL 3884374, at *7 ("[W]e find neither any rejection nor offense taken by the German tribunals to a stateside discovery order.").

        2.    <u>No Foreign Discovery Restrictions Bar IPCom's Requested Discovery.</u>

Section 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel Corp.*, 542 U.S. at 260-63. However, a district court may consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[4]   That is not the case here.

---

[3]   Judge Ware's analysis similarly shows that another *Intel Corp.* discretionary factor – whether the discovery is an attempt to circumvent foreign discovery rules – also weighs in favor of granting IPCom's ex parte application.

[4]   *See also In re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of Section 1782 should a district court refrain from granting the assistance offered by the act.") (emphasis in original); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (permitting discovery under Section 1782 and observing that court "can simply refuse to consider any evidence that [1782 applicant] gathers by what might be—under French procedures—an unacceptable practice"); *Procter & Gamble*, 334 F. Supp. 2d 1112, 1116 (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

-6-

1  IPCom is unaware of any restrictions on proof-gathering procedures that would prohibit IPCom
2  from obtaining and introducing the discovery it seeks through Section 1782.
3       As noted above, courts have routinely granted applications under Section 1782 for
4  evidence to be used in the foreign court at issue here.  *See, e.g., Heraeus Kulzer*, 633 F.3d at 597
5  ("Heraeus cannot obtain even remotely comparable discovery by utilizing German procedures and
6  there is nothing to suggest that the German court would be affronted by Heraeus's recourse to U.S.
7  discovery or would refuse to admit any evidence, or at least any probative evidence (German
8  judges can disregard evidence that would waste the court's time), that the discovery produced.");
9  *Cryolife, Inc.*, 2009 WL 88348, at *3-4.
10      Absent compelling proof that the German courts would reject the discovery sought by
11 IPCom from Apple, this factor weighs heavily in IPCom's favor.  *Heraeus Kulzer*, 633 F.3d at
12 597 ("Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a
13 foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry
14 rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the
15 statutory objectives."); *Metallgesellschaft v. Hodapp*, 121 F.3d 77, 80 (2d Cir. 1997) ("Absent
16 authoritative proof that a foreign tribunal would reject the evidence obtained with the aid of
17 section 1782 . . . a district court should not refrain from granting the assistance afforded under the
18 Act based simply on allegations to that effect." (citations and quotations omitted)).
19      Accordingly, this *Intel Corp.* discretionary factor also weighs in favor of granting IPCom's
20 ex parte application.
21      3.    IPCom's Discovery Is Narrowly Tailored to Avoid Undue Burden.
22      The *Intel Corp.* Court noted that "unduly intrusive or burdensome requests may be rejected
23 or trimmed." 542 U.S. at 265. Here, IPCom's proposed discovery requests are narrowly tailored
24 and minimally burdensome.  IPCom is requesting discovery of a small, discrete set of
25 documents:  intellectual property licenses between Apple and third parties relating to wireless
26 communications technology.  Upon information and belief, the universe of responsive documents
27
28      -7-

*EX PARTE* APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

is likely small and easily searchable, and Apple could produce these documents to IPCom with little incident.

### 4. Apple is a Party to the Foreign Proceedings but German Courts Have Limited Ability To Order the Production of Documents

The *Intel Corp.* Court finally asks whether "the person from whom discovery is sought is a participant in the foreign proceeding." 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"). This factor arose out of the Supreme Court's concern that a party to foreign litigation would use Section 1782 to obtain discovery in the U.S. that it could have obtained from the foreign tribunal. *See id.* (finding that "the need for § 1782(a) generally is not as apparent" when the party from whom discovery is sought is a party to the foreign proceeding because "[a] foreign tribunal . . . can itself order them to produce evidence."). Although Apple is a party to the foreign proceedings, the Supreme Court's concerns articulated in *Intel Corp.* do not bear on IPCom's application because German courts have very limited ability to order the production of documents. Also, important here, the material sought—licenses in Apple's possession—is not within the German court's jurisdictional reach.

Indeed, Courts have routinely granted Section 1782 applications for pursuit of discovery of parties to actions in Germany, recognizing the fact that German courts do not allow for nearly the same type of discovery allowed for in the United States. *See, e.g., Heraeus Kulzer,* 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife, Inc.,* 2009 WL 88348; *Minatec Fin.,* 2008 WL 3884374.

-8-

EX PARTE APPLICATION FOR
AN ORDER PURSUANT TO
28 U.S.C. § 1782

## V. CONCLUSION

IPCom seeks narrowly tailored discovery for use in a currently pending foreign proceeding. Accordingly, the *Intel Corp.* factors strongly favor the Court exercising its discretion to grant IPCom's application. As has already been noted, courts routinely permit discovery under Section 1782, especially when, as here, the applicant has satisfied the statutory requirements and the above factors weighed in favor of granting relief.

Because IPCom's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel Corp.* factors all weigh in favor of granting the application, IPCom respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing IPCom to serve Apple with a subpoena in substantially the same form as Exhibit B.

DATED: February 7, 2014

Respectfully submitted,

Brian C. Cannon
QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Attorneys for Applicant IPCom GmbH & Co. KG

-9-