UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF IPCOM GMBH & CO. KG,<br><br>Applicant. | Case No. 5:14-mc-80037-EJD-PSG<br><br>**ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN LITIGATION PURSUANT TO 28 U.S.C. § 1782**<br><br>**(Re: Docket No. 1)** |

Before the court is IPCom GMBH & Co. KG's application for a court order to obtain discovery of Cupertino-based Apple Inc. for use in a German proceeding pursuant to 28 U.S.C. § 1782(a).

**I. BACKGROUND**

On March 2, 2012, IPCom filed a patent infringement action against Apple in Germany.[1] As part of that litigation, Apple represented it entered license agreements covering a number of patents essential to UMTS and GSM, GRPS, and EDGE wireless standards.[2] Despite IPCom's

---

[1] *See* Docket No. 2 at ¶ 4 ("On March 2, 2012, IPCom filed a patent infringement action alleging that Apple Inc., Apple Sales International and Apple Germany Retail GmbH (collectively, 'Apple') infringed the German part of European patent EP 1 841 268. In 7 May 2013, IPCom extended its claim alleging that Apple also infringed German patent DE 199 10 239.").

[2] *See* Docket No. 1 at 2 ("A disputed issue in the 2 0 53/12 and 2 0 95/13 actions in Germany concerns Apple's licenses for wireless communications technologies. In the pending German

1
Case No. 5:14-mc-80037-EJD-PSG
ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN
LITIGATION PURSUANT TO 28 U.S.C. § 1782

request that Apple produce those license agreements, Apple has not done so.[3]  After this court was informed by public sources that IPCom's patent infringement was dismissed pursuant to a finding of non-infringement, the court ordered IPCom to file a status update on whether the discovery sought remained warranted.  IPCom responded with a timely, helpful analysis explaining that while its patent litigation suit had been dismissed, it remained pending on appeal before the Court of Appeals in Karlsruhe, Germany.[4]  IPCom pointed out that unlike American appellate courts, German appellate courts may receive facts on appeal and therefore the discovery sought by IPCom remains warranted.[5]

## II. LEGAL STANDARDS

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where:

(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made,

(2) the discovery is for use in a proceeding before a foreign tribunal, and

(3) the application is made by a foreign or internal tribunal or any interested person."[6]

However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[7]  The Supreme Court has identified several factors that a court should take into consideration in ruling on a Section 1782 request:

---

litigation, Apple claimed that it has allegedly concluded license agreements covering a number of patents that are declared essential to UMTS and GSM, GPRS, and EDGE.").

[3] *See id.* at 2 ("Such license agreements are directly relevant to the damages calculation in that action. Apple has not produced any of these license agreements to the German court.  IPCom desires through the present application to obtain from Apple these license agreements.").

[4] *See* Docket No. 3 at 1. ("On February 28, 2014, the District Court of Mannheim dismissed IPCom's German actions, finding that there was no infringement.  IPCom timely filed an appeal on March 6, 2014, which attached a copy of the District Court of Mannheim's judgment.  The appeal is currently pending before the Court of Appeals in Karlsruhe, Germany.") (citations omitted).

[5] *See id.* ("Unlike appellate courts in the United States, German appellate courts may act as a fact-finder.  As a result, the discovery sought by IPCom's pending § 1782 application remains warranted and may be used and relied upon by the German appellate courts in their decisions, including in the calculation of damages.") (citation omitted).

[6] *See* 28 U.S.C. § 1782(a); *In re Republic of Ecuador*, Case No. 3:10-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

2
Case No. 5:14-mc-80037-EJD-PSG
ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN
LITIGATION PURSUANT TO 28 U.S.C. § 1782

(1) whether the material sought is within the foreign tribunal's jurictional reach and thus accessible absent Section 1782 aid;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;

(3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

(4) whether the subpoena contains unduly intrusive or burdensome requests.[8]

It is common for parties to request and obtain orders authorizing discovery ex parte.[9] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[10]

## III. DISCUSSION

**A.   This Court Has Legal Authority Under Section 1782 to Grant Applicants' Discovery**

Because (1) Apple resides in this district, (2) the discovery would be of use in German litigation and (3) the application is brought by a party to that German litigation, this court possesses legal authority to grant the requested discovery.

**B.   The Discovery Sought is Warranted Pursuant to the *Intel* Factors**

**1.   Jurisdictional Reach of Foreign Tribunal**

The first *Intel* factor considers whether the material sought is within the foreign tribunal's jurisdictional reach. On this issue the Supreme Court has explained:

> When the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign

---

[7] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

[8] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (citing *Intel*, 542 U.S. at 264-65).

[9] *See In re Republic of Ecuador*, 2010 WL 3702427, at *2.

[10] *Id.* (citations omitted).

3
Case No. 5:14-mc-80037-EJD-PSG
ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN LITIGATION PURSUANT TO 28 U.S.C. § 1782

tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[11]

Here, Apple is a party to the German proceeding.  Despite IPCom's apparent diminished need – because Apple is a party to a foreign proceeding and thus subject to the German court's jurisdiction – German law does not provide parties' with the far-reaching discovery available in the United States.[12]  The requested information therefore does not appear within the immediate reach of a German tribunal.  This factor is neutral.

### 2. Nature and Receptivity of Foreign Tribunal

The second *Intel* factor evaluates "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[13]  IPCom urges the license agreements covering UMTS and GSM, GRPS and EDGE standards-essential patents are critical to its damages case.[14]  Because the license agreement sought by applicants are relevant to the German litigation and would assist a damage assessment in the case and no suggestion that German judges are not receptive to U.S. discovery has been raised,[15] this factor favors IPCom.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the discovery sought to be discoverable in the

---

[11] *Intel,* 542 U.S. at 264.

[12] *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011)

> Heraeus cannot obtain even remotely comparable discovery by utilizing German procedures and there is nothing to suggest that the German court would be affronted by Heraeus's recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence (German judges can disregard evidence that would waste the court's time), that the discovery produced.  Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives.

[13] *Intel,* 542 U.S. at 264.

[14] *See supra* notes 2-3.

[15] *See supra* note 12.

4
Case No. 5:14-mc-80037-EJD-PSG
ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN LITIGATION PURSUANT TO 28 U.S.C. § 1782

foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[16] Nothing in IPCom's request suggests its subpoena application constitutes an attempt to circumvent foreign proof-gathering restrictions. IPCom indeed represents – albeit in its moving papers and not through a sworn declaration – that it "is unaware of any restrictions on proof-gathering" in Germany and points out U.S courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings.[17] This factor favors IPCom.

### 4. Undue Intrusion or Burden

IPCom targets Apple's relevant, standards-essential license agreements related to wireless communications technology.[18] Because IPCom's requested discovery is narrowly-tailored, the production at issue appears manageable. As the discovery sought is not unduly intrusive or burdensome, this factor favors IPCom.

On balance, the court finds the discovery sought by IPCom is warranted pursuant to Section 1782. IPCom may serve the subpoena attached to its application, without prejudice to any motion to quash that Apple or other appropriate party may wish to file.

**IT IS SO ORDERED.**

Dated: April 10, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[16] *Intel*, 542 U.S. at 260-63, 265.

[17] *Id.* at 8; *see also supra* note 12.

[18] *See* Docket No. 1-2 (Exhibit Subpoena).

5

Case No. 5:14-mc-80037-EJD-PSG
ORDER GRANTING IPCOM LEAVE TO OBTAIN DISCOVERY FOR USE IN GERMAN LITIGATION PURSUANT TO 28 U.S.C. § 1782