| | |
|---|---|
| 1 | MARK D. SELWYN (SBN 244180) |
| 2 | mark.selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING |
| 3 |   HALE AND DORR LLP<br>950 Page Mill Road |
| 4 | Palo Alto, California 94304<br>Tel:   (650) 858-6000 |
| 5 | Fax:  (650) 858-6100 |
| 6 | |
| | MATTHEW J. HAWKINSON (SBN 248216) |
| 7 | matthew.hawkinson@wilmerhale.com<br>WILMER CUTLER PICKERING |
| 8 |   HALE AND DORR LLP<br>350 South Grand Avenue, Suite 2100 |
| 9 | Los Angeles, California 90071<br>Tel:   (213) 443-5473 |
| 10 | Fax:  (213) 443-5400 |
| 11 | |
| | *Attorneys for Apple Inc.* |
| 12 | |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| IPCOM GMBH & CO. KG, | ) | Case No. 5:14-MC-80037-EJD (PSG) |
| | ) | |
|       Plaintiff, | ) | **DECLARATION OF WOLRAD** |
| | ) | **PRINZ ZU WALDECK UND** |
|  vs. | ) | **PYRMONT IN SUPPORT OF** |
| | ) | **APPLE INC.'S MOTION TO** |
| APPLE INC., | ) | **QUASH SUBPOENA IN A CIVIL** |
| | ) | **CASE** |
|       Defendant. | ) | |
| | ) | **Judge:  Hon. Paul S. Grewal** |
| | ) | **Courtroom:  5, 4th Floor** |
| | ) | **Date:    June 10, 2014** |
| | ) | **Time:   10:00 a.m.** |

I, Wolrad Prinz zu Waldeck und Pyrmont, declare as follows:

1. I am an attorney with Freshfields Bruckhaus Deringer LLP, counsel to Apple Inc. ("Apple"). I have been licensed to practice law in Germany since 2003.

2. I am familiar with the facts set forth in this declaration from personal knowledge and documents I have reviewed.

3. I submit this declaration in support of Apple's Motion To Quash Subpoena In A Civil Case.

4. Attached as Exhibit A is a true and correct copy of the English translation of the original IPCom GmbH & Co. KG ("IPCom") complaint against Apple in Germany dated March 2, 2012.

5. Attached as Exhibit B is a true and correct copy of the English translation of IPCom's reply brief dated May 10, 2013.

6. Attached as Exhibit C is a true and correct copy of the English translation of IPCom's second German complaint.

7. IPCom has given a FRAND commitment for the two asserted patents.

8. IPCom's combination of requests for adjudication on both the technical merits and damages in a single filing is unusual for German patent infringement litigation.

9. While not excluded under the German procedural rules, the amount of damages is generally the subject of a second, separate proceeding after a judgment of infringement has issued, and, in the majority of cases, initiated only after such judgment has become final.

10. In the course of the German proceedings, Apple and IPCom submitted nearly approximately 300 pages of briefing and approximately 750 pages of expert reports and supporting exhibits on damages issues in the German litigation.

11. In its introduction to the parties, the Mannheim District Court commented on IPCom's unusual procedural approach, and stated that it would not hear argument on the amount of damages at this juncture but would instead follow the normal course of first adjudicating the merits of the patent infringement allegation.

- 1 -

DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

12. The court clarified that if IPCom had eventually succeeded in establishing infringement, the court would have issued an interlocutory judgment only as to the infringement claim (sec. 304 German Code of Civil Procedure)—which is subject to a separate appeal—and would address the amount of damages only after a finding of infringement has become final.

13. Attached as Exhibits D and E are true and correct copies of the English translations of the lower court judgments in the German litigation. As the proceedings were formally separated on a patent by patent basis, two judgments issued.

14. IPCom's contention that damages issues will be addressed by the German appellate court, while not excluded under German law, appears unlikely in the present case.

15. Because the lower German court decided the case based solely on a finding of non-infringement, having explicitly stated in the introduction to the oral hearing that it intended to address the question of damages only in a subsequent hearing and only after a final decision on infringement, the amount of damages were never addressed in the oral argument before the lower German court. Also, the court has not taken any evidence with regard to the question of damages.

16. Consequently, but for filing the required motions, IPCom did not address the amount of damages at all in its 57 page appeal brief.

17. Because the case is not ripe for a final decision, the appeals court has discretion to remand the case to the lower court under section 538 para. 2 No. 4 German Code of Civil Procedure.

18. To render a decision, the German appellate court must weigh the interest of not depriving one party of a fact-finding court instance (in particular if detailed and extensive evidentiary hearings will be necessary) against the disadvantage of increased costs and duration of proceedings (*see, e.g.*, German Federal Supreme Court [BGH], NJW-RR 2010, 1048, 1049; Stein/Jonas, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 marginal note 45).

19. The expected duration of the present proceedings, including a remand, is no longer than the standard duration of German patent proceedings with a first proceeding on infringement and a separate, subsequent proceeding on the amount of damages.

DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

20. As regards judicial economy, no evidence has been taken on the question of damages, nor have any factual determinations been made that the German appellate court could rely or build on. In view of the complexity of the case and the dispute regarding nearly all aspects relating to the amount of damages, it seems unlikely that a rather limited taking of evidence will be sufficient to provide the necessary basis for a final decision.

21. To my knowledge, there is no published decision of a German court determining the amount of damages or of a royalty amount for a FRAND encumbered telecommunication patent.

22. I believe that the circumstances in this case would thus require remission to the lower German court for the determination of damages—if (and only if) the appeals court finds error in the district court's liability finding.

23. The German appellate court can remand the proceedings back to the lower German court for the determination of damages under Sec. 538 para. 2, no. 4 Code of Civil Procedure and in this case it seems reasonable to assume that it will do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 2, 2014

_____
Wolrad Prinz zu Waldeck und Pyrmont

- 3 -

DECLARATION OF WOLRAD PRINZ ZU WALDECK UND PYRMONT IN SUPPORT OF MOTION TO QUASH SUBPOENA