QUINN EMANUEL URQUHART & SULLIVAN, LLP
   Brian C. Cannon (Bar No. 193071)
   briancannon@quinnemanuel.com
   Cheryl A. Galvin (Bar No. 252262)
   cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100

Attorneys for IPCom GmbH & Co. KG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG,<br><br>              Plaintiff,<br><br>       vs.<br><br>APPLE INC.,<br><br>              Defendant. | CASE NO.: 5:14-mc-80037-EJD-PSG<br><br>**IPCOM'S OPPOSITION TO APPLE INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE**<br><br>**Judge:    Hon. Paul S. Grewal**<br>**Courtroom:   5, 4th Floor**<br>**Date:    June 10, 2014**<br>**Time:    10:00 a.m.** |

## I.     <u>INTRODUCTION</u>

Apple Inc. ("Apple") is seeking to quash the narrowly-tailored document subpoena timely served on it by IPCom GmbH & Co. KG ("IPCom").    Apple, however, offers no legitimate grounds for quashing the subpoena—Apple does not claim that the documents requested are irrelevant, privileged or burdensome (nor could it), and Apple admits that they may be used in the pending German proceeding.    Apple's motion to quash should therefore be denied.

## II.    <u>FACTUAL BACKGROUND</u>

On March 2, 2012, IPCom filed in Germany a patent infringement action, Case No. 2 O 53/12, alleging that Apple Inc., Apple Sales International and Apple Germany Retail GmbH (collectively, "Apple") infringed the German part of European patent EP 1 841 268 ("the '268 patent").    (Declaration of Nadine Herrmann ("Herrmann Decl."), ¶ 2).    The functionalities accused by IPCom generally relate to the functionality of Apple's iPhones and iPads to the extent they are compatible with a cellular wireless standard.    Specifically, IPCom alleges that the '268 patent is necessary to practice the 3GPP UMTS ("3G") wireless standard.    (*Id*. at ¶ 3).    Rather than request injunctive relief, which is a remedy of right in Germany, IPCom chose to ask for a specified amount of monetary damages.    (*Id*. at ¶ 4).    While it is more typical for plaintiffs to seek injunctive relief together with a declaration of liability for damages without specifying the amount of damages owed, it is proper and accepted under German law for a plaintiff to choose to seek a specified amount of monetary damages instead.    (*Id*.).

Apple and IPCom submitted hundreds of pages of briefing to the German district court, including briefing relating to IPCom's request for damages.    (Herrmann Decl. ¶ 5).    On September 24, 2013, Apple raised in its briefing for the first time that it has licensed about 75% of all patents declared as essential for the 2G and 3G standards from over 25 companies.    (*Id*. at ¶ 6).    On February 7, 2014, IPCom filed an *ex parte* application in this Court seeking an order pursuant to 28 U.S.C. § 1782 granting leave to obtain discovery of Apple's license agreements by serving a document subpoena on Apple.    (Dkt. 1).

On February 11, 2014, the oral hearing before the District Court in Mannheim took place. (Herrmann Decl. ¶ 7).    As the parties had briefed both the liability and damages issues prior to

-1-

IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

1   the hearing, it was possible for the Mannheim District Court to address both at the hearing.   (*Id.*

2   at ¶ 8).   The District Court remarked at the beginning, however, that the court would decide

3   infringement first and damages in a second part of the proceeding, if necessary.   (*Id.*).   On

4   February 28, 2014, the District Court of Mannheim dismissed IPCom's infringement case, finding

5   that there was no infringement.   (*Id.* at ¶ 9).   IPCom timely filed an appeal on March 6, 2014

6   and gave reasons for its appeal on April 22, 2014.   (*Id.*).   Although it was not necessary to brief

7   damages issues to meet the statutory requirements for an appellate brief because the District Court

8   had not addressed damages, IPCom included in its appeal its request for damages.   (*Id.* at ¶ 10).

9   Because the District Court dismissed the case for lack of infringement, the case has been dealt

10   with in its entirety by the first instance.   (*Id.*).   Therefore, the entire case, including the question

11   of the amount of damages owed, is now before the Court of Appeals.   (*Id.*).   As described in the

12   prior Herrmann declaration, Dkt 4-1, which was not challenged by Apple, German appellate

13   courts, unlike U.S. courts, can and do address factual issues not ruled upon by the district courts.

14        In the German appellate proceedings, IPCom intends to submit the license agreements that

15   it has subpoenaed from Apple to the Court of Appeals.   (*Id.* at ¶ 11).   If the Court of Appeals in

16   Karlsruhe overturns the Mannheim District Court's decision and determines that Apple does

17   infringe the '268 patent, then the Court of Appeals will likely act as a fact finder on the question of

18   damages.   (*Id.* at ¶ 12).   Although it will be possible for Apple to request a remand to the district

19   court to determine the issue of damages, it is the rule under German law for German courts of

20   appeals to decide the entire case and take the necessary evidence themselves; a remand is the

21   exception.   (*Id.* at ¶¶ 13-15).   For example, the German Federal Supreme Court has held that it

22   is not sufficient to justify a decision to remand that the court needs to take evidence in the form of

23   an opinion by a court appointed expert.   (*Id.* at ¶ 15).   Therefore, German courts of appeals

24   rarely remand cases to the district court even if they have to take evidence before they can make a

25   final determination, as it is less efficient to remand a case that will then be appealed.   (*Id.* at ¶

26   14).   Whether the damages amount is determined by the Court of Appeals or the District Court,

27   the licenses will be considered.   (*Id.* at ¶ 16).

28

IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

On April 10, 2014, as requested by the Court (dkt. 3), IPCom filed a status report regarding the current state of the German proceedings and explaining the continued relevance of the requested documents.   (Dkt. 4).   The Court then issued an order granting IPCom leave to serve the requested document subpoena on Apple.   (Dkt. 5).   IPCom served the document subpoena on Apple on April 11, 2014.   (Declaration of Brian C. Cannon ("Cannon Decl."), ¶ 2, Ex. 1). The subpoena requested that Apple produce "All documents that grant or granted, or purport or purported to grant, to Apple any rights, protections, or licenses in or to any Wireless IPR, that provide or provided a covenant not to sue relating to any Wireless IPR, or that otherwise authorize or authorized Apple to practice any third party Wireless IPR, including but not limited to all agreements, amendments, appendices, attachments, schedules, and addendums."   (*Id*.).   A cover letter served with the subpoena stated that IPCom is "happy to work with Apple in order to preserve the confidentiality of the requested documents."   (*Id*.)   The subpoena requested that the documents be produced by May 2, 2014.   (*Id*.).   Apple did not respond or object to the document subpoena or contact IPCom's counsel in order to discuss compliance with the subpoena. (*Id*. at ¶ 3).   Instead, Apple filed a motion to quash the subpoena on May 5, 2014.   (Dkt. 7).

III.   **<u>ARGUMENT</u>**

As outlined in IPCom's application for an order under 28 U.S.C. § 1782 to obtain discovery (dkt. 1) and as held in this Court's order (dkt. 5), this Court has the authority to grant an application under Section 1782.   The Court properly considered the requirements of Section 1782 and the factors outlined in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) in determining that the discovery IPCom seeks is warranted.   (Dkt. 5).   Apple has not argued otherwise in its motion.   "The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant."   *In re Ex Parte Application of Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, *1 (N.D. Cal. May 2, 2012) (citation omitted).   "Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought . . . would disserve the statutory objectives."   *Heraeus Kulzer, GmbH v.*

IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

1  *Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011).   Apple has not met its burden and its motion

2  should therefore be denied.

3      **A.      The Requested Discovery Is Timely And Relevant.**

4          It is undisputed that the requested license agreements are relevant to the German action.

5  Apple disputes only the allegedly "untimely" nature of IPCom's request.   IPCom's request is still

6  timely, however.   Under Section 1782, discovery may be sought not only when adjudicative

7  proceedings are "pending" or "imminent," but also when a dispositive ruling is "within reasonable

8  contemplation."   *Intel*, 542 U.S. at 259.   Here, the adjudicative proceeding *is* pending, and

9  therefore Section 1782 still applies.   There is no requirement that the evidence must be used

10  "very soon."   *Id.*

11          In *Aventis*, the French litigation had been pending for five years, the action was already

12  completed, and the documents could not be produced in time to be used on appeal.   *Aventis*

13  *Pharma v. Wyeth*, No. M-19-70, 2009 WL 3754191, **1-2 (S.D.N.Y. Nov. 9, 2009).   In this

14  case, the appellate briefing will continue for many more months, so there is more than adequate

15  time for the documents to be produced and submitted for the appeal.   (Herrmann Decl. at ¶ 17).

16  In addition, this is not a situation where IPCom could have requested the same discovery from the

17  German district court; a party in a German lawsuit can only request specific documents from his

18  adversary, not categories of documents.   (Herrmann Decl. at ¶ 18; *see also Kulzer*, 633 F.3d at

19  596.[1])   Apple cannot plausibly claim otherwise, as it has filed a Section 1782 application to

20  obtain similar discovery for use in German proceedings in the past.   *See, e.g.*, *In re Ex Parte*

21  *Application of Apple Inc.*, 2012 WL 1570043.   *In re Application of Mare Shipping, Inc.* is

22  similarly distinguishable, as there the applicants could have attempted to acquire discovery about

23  _____

24      [1]    Apple's claim that IPCom's document request hypothetically could lead to one-sided
     discovery (dkt. 7 at 4 n.1) has no basis; Apple cites to no relevant evidence from IPCom that
25  Apple has been prevented from obtaining.   Nor does Apple cite to any precedent stating that
     IPCom is not permitted to seek discovery pursuant to Section 1782 simply because its opponent
26  may not be able to seek reciprocal discovery.   In fact, *Intel* holds otherwise.   542 U.S. at 262
     (holding that "[c]oncerns about maintaining parity among adversaries in litigation" were an
27  insufficient basis to create a foreign-discoverability rule).

28

IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

1   several allegedly false declarations through the court in Spain and had already been given the

2   opportunity to cross-examine witnesses at trial about the declarations.   Civ. No. 13 Misc. 238,

3   2013 WL 5761104, **1-5 (S.D.N.Y. Oct. 23, 2013).   Here, IPCom cannot procure the discovery

4   through the German courts and there is still ample time for the documents to be considered in the

5   proceedings.   IPCom's subpoena is therefore not untimely.

6       **B.       The Requested Discovery Is Currently Needed.**

7           Nowhere in its brief does Apple claim that the requested discovery is burdensome.

8   Instead, Apple argues that IPCom does not currently need the discovery, and therefore Apple

9   should not have to produce the documents now.   (Motion to quash, dkt. 7, at 5).   Apple cites no

10  authority for that proposition and does not argue that there would be any difference to Apple in

11  producing the documents to IPCom now versus waiting and producing them later.   Apple should

12  be required to produce the documents now.   IPCom intends to submit the requested licenses to

13  the appellate court for its consideration.   (Herrmann Decl. at ¶ 11).   Therefore, IPCom needs the

14  requested discovery as soon as possible.   As IPCom has described and Apple has conceded, the

15  German appellate court is authorized to address the damages issues in the case.   (Herrmann Decl.

16  at ¶¶ 12-13; Dkt. 7 at 5).   Contrary to Apple's assertion, it is not "inappropriate" for the appellate

17  court to address the damages issues; instead, it is preferred, as it is more efficient than remanding

18  the case to the district court when that decision would then be appealed back to the appellate court.

19  (Herrmann Decl. at ¶¶ 13-15).

20      **C.       Apple Has No Basis To Claim An Improper Purpose.**

21          Apple cites to no basis for its conjecture that IPCom may be seeking this discovery for use

22  in any negotiations with Apple.   (Dkt. 7 at 6).   IPCom has represented that it seeks the licenses

23  for use in the pending German litigation and it will use them for such.   (Herrmann Decl. at ¶ 11).

24      **D.       IPCom Will Agree To Enter Into A Protective Order.**

25          As IPCom stated in its cover letter to Apple accompanying the document subpoena, it is

26  happy to work with Apple to protect the confidentiality of the license agreements.   (Cannon Decl.

27  at ¶ 2, Ex. 1).   IPCom is also amenable to a provision in a protective order limiting access to

28  IPCom's outside counsel that do not have any financial interest in IPCom and that do not represent

-5-

IPCom in licensing negotiations. Apple's statement that it would need sufficient time to notify relevant third parties of its forthcoming production (dkt. 7 at 7) is further reason that Apple should be required to start that process now and not at some indeterminate future time.

**IV.**     **CONCLUSION**

For the foregoing reasons and those set forth in the declarations submitted herewith, IPCom respectfully requests that Apple's motion to quash be denied and that Apple be ordered to fully comply with the subpoena, including contacting necessary third parties and producing the requested documents, no later than June 30, 2014.


DATED: May 19, 2014                    Respectfully submitted,


                                        /s/   *Brian C. Cannon*
                                        Brian C. Cannon
                                        QUINN EMANUEL URQUHART
                                         & SULLIVAN, LLP

                                        Attorneys for IPCom GmbH & Co. KG

IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE