QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Brian C. Cannon (Bar No. 193071)
  briancannon@quinnemanuel.com
  Cheryl A. Galvin (Bar No. 252262)
  cherylgalvin@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

Attorneys for IPCom GmbH & Co. KG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>APPLE INC.,<br><br>　　　　Defendant. | CASE NO.: 5:14-mc-80037-EJD-PSG<br><br>**DECLARATION OF NADINE HERRMANN IN SUPPORT OF IPCOM'S OPPOSITION TO APPLE INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE** |

DECLARATION OF NADINE HERRMANN IN SUPPORT OF
IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

I, Dr. Nadine Elisabeth Herrmann, declare as follows:

1. I am a German-qualified attorney (*Rechtsanwältin*), admitted to practice in Germany since 2003. I am a partner of the law firm Quinn Emanuel Urquhart & Sullivan, LLP. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. IPCom filed a patent infringement action with the Mannheim District Court on March 2, 2012, Case No. 2 O 53/12, alleging that Apple Inc., Apple Sales International and Apple Germany Retail GmbH (collectively, "Apple") infringed the German part of European patent EP 1 841 268 ("the '268 patent").

3. In the action in Germany, IPCom alleges that the '268 patent is necessary to practice the 3GPP UMTS ("3G") wireless standard.

4. Rather than request injunctive relief, which is a remedy of right in Germany, IPCom chose to ask for a specified amount of monetary damages. While it is more typical for plaintiffs to seek injunctive relief together with a declaration of liability for damages without specifying the amount of damages owed, it is proper and accepted under German law for a plaintiff to choose to seek a specified amount of monetary damages instead.

5. Apple and IPCom submitted hundreds of pages of briefing to the Mannheim District Court, including briefing relating to IPCom's request for damages.

6. On September 24, 2013, Apple alleged in its briefing for the first time that it has licensed about 75% of all patents declared as essential for the 2G and 3G standards from over 25 companies.

7. On February 11, 2014, the oral hearing before the Mannheim District Court took place.

8. As the parties had briefed both the liability and damages issues prior to the hearing, it was possible for the Mannheim District Court to address both at the hearing. The District Court remarked at the beginning, however, that it would decide infringement first and damages in a second part of the proceeding, if necessary. Under procedural law, district courts must take the

-1-
DECLARATION OF NADINE HERRMANN IN SUPPORT OF
IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

most economical route to reach a verdict.   In cases where both liability in principle and quantum are disputed it will often be expedient to address liability in principle first because without liability in principle defendant will not owe any damages; the question of quantum will then be moot. This does not lead to any formal bifurcation of the proceedings, though, and the Mannheim District Court's decision to dismiss IPCom's action for lack of infringement means that the action was dismissed in its entirety.

9.   On February 28, 2014, the Mannheim District Court dismissed IPCom's infringement case, finding that there was no infringement.   IPCom timely filed an appeal on March 6, 2014 with the Karlsruhe Court of Appeals and gave reasons for its appeal on April 22, 2014.

10.   Although it was not necessary to brief damages issues to meet the statutory requirements for an appellate brief (which must present the grounds of appeal) because the District Court had not addressed damages, IPCom included in its appeal its request for damages.   IPCom moved that the Court of Appeals set aside the District Court's opinion and award it the damages sought.   Because the District Court dismissed the case for lack of infringement, the case has been dealt with in its entirety by the first instance.   Correspondingly, the entire case including the question of the amount of damages owed is now before the Court of Appeals (*cf.* Stein/Jonas/Althammer, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 marginal no. 38).

11.   IPCom intends to submit the license agreements that it has subpoenaed from Apple to the Court of Appeals for use in the appellate proceeding.

12.   If the Court of Appeals in Karlsruhe overturns the Mannheim District Court's decision and determines that Apple does infringe the '268 patent, then the Court of Appeals will likely act as a fact finder on the question of damages.

13.   If the case is ripe for decision by the Court of Appeals, including the amount of damages owed, the Court of Appeals has to decide the entire case. In structuring the appellate proceedings (e.g. through case management orders) the Court of Appeals must take care that the

-2-
DECLARATION OF NADINE HERRMANN IN SUPPORT OF
IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

entire case may be disposed of in an efficient and timely manner (cf. §§ 525, 273 of the Civil Procedure Code).  As a finding of infringement is (at least) a possibility, it will be expedient for the Court of Appeals to see to it that the damages aspects of the case are properly briefed by the parties. The Court of Appeals has discretion how to structure the appellate proceedings. Ideally, the case should be finally decided by the Court of Appeals, including on the issue of damages, for example, if the facts necessary for the decision on quantum are no longer in dispute between the parties or if there is a sufficient basis for an estimate of the amount of damages owed by the Court, Sec. 287 German Code of Civil Procedure.   Even if that is not the case, it is preferred for the appellate court to address the damages issues in the case itself and take the necessary evidence on facts in dispute between the parties, as it is more efficient than remanding the case to the district court when that decision would then be appealed back to the appellate court.

14.    Although it will be possible for Apple to request a remand to the District Court to determine the issue of damages, German appellate courts rarely remand cases to the district court even if they have to take evidence before they can make a final determination, as it is less efficient to remand a case that will then be appealed.   The appellate court can and generally should find the facts and take the evidence needed to decide the entire case itself and only remand in exceptional cases.   It is the rule under German law for German appellate courts to decide the entire case and take the necessary evidence themselves; a remand is the exception (*see, e.g.*, Stein/Jonas/Althammer, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 ZPO marginal no. 22; Wieczorek/Schütze/Gerken, Code of Civil Procedure [Zivilprozessordnung], 4th Ed. (2014), § 538 marginal no. 1).

15.    It is unlikely that there will be "detailed and extensive" evidentiary hearings in the present case, such as the taking of oral testimony of multiple witnesses.   Rather, it is more likely that the Karlsruhe Court of Appeals might need to appoint an expert to provide economic guidance on the amount of damages owed.   That of itself is not an exceptional reason that would justify a remand (*cf.* German Federal Supreme Court, NJW-RR 2010, 1048, 1049, para. 16).   Even if substantial fact finding needs to take place, for example, if the Mannheim District Court judgment

-3-

DECLARATION OF NADINE HERRMANN IN SUPPORT OF
IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE

does not contain any of the factual determinations needed for deciding the case, the Court of Appeals is not required to remand. The German Federal Supreme Court decided in such a case that the appellate court may find the necessary facts by itself (German Federal Supreme Court, NJW 2011, 769, 770, para. 18):

> "The Court of Appeals may, rather [instead of a remand] make the necessary factual determinations itself. According to § 538 para. 1 German Code of Civil Procedure, it generally has to take the necessary evidence and decide the case on its merits and may only remand to the court of first instance under the exceptional circumstances according to § 538 para. 2 German Code of Civil Procedure. Contrary to what the petitioner argued, there is no conflict with the fact that the losing party may then not attack the determinations and the appraisal of the facts by the first instance in a second instance. The legislator is generally free to offer several judicial instances, determine under which circumstances they may be appealed to and how far the power of review of a court reaches (*cf.* regarding § 531 para. 2 first sentence no. 3 German Code of Civil Procedure, German Federal Constitutional Court [BVerfG], NJW 2005, 1768 [1769], with further sources). As far as it is the consequence of § 538 German Code of Civil Procedure that the parties lose one fact finding instance – such as here – this neither violates their right to access to justice (Art. 19 para. 4 German Basic Law), nor, as the Court of Appeals has rightly held, the rule of law (Art. 20 para. 3 German Basic Law), nor the right to be heard (Art. 103 para. 1 German Basic Law)."

16. Whether the damages amount is determined by the Court of Appeals or the District Court, the licenses will be considered.

17. The appellate briefing will continue, likely for many more months, so there is time for the documents to be produced and submitted for the appeal.

18. IPCom could not have requested the same discovery from the German courts; a party in a German lawsuit can only request specific documents from his adversary, not categories of documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

-4-
DECLARATION OF NADINE HERRMANN IN SUPPORT OF IPCOM'S OPPOSITION TO APPLE INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

Executed on May 19, 2014 at Brussels.

By _____
Nadine Elisabeth Herrmann

-5-
DECLARATION OF NADINE HERRMANN IN SUPPORT OF
IPCOM'S OPPOSITION TO APPLE INC.'S MOTION
TO QUASH SUBPOENA IN A CIVIL CASE