MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JOSEPH MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel:   (617) 526 6396
Fax:   (617) 526 5000

MATTHEW J. HAWKINSON (SBN 248216)
matthew.hawkinson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, California 90071
Tel:   (213) 443-5473
Fax:   (213) 443-5400

*Attorneys for Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG, | Case No. 5:14-MC-80037-EJD (PSG) |
| Plaintiff, | **REPLY DECLARATION OF WOLRAD PRINZ ZU WALDECK UND PYRMONT IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE** |
| vs. | |
| APPLE INC., | |
| Defendant. | |

I, Wolrad Prinz zu Waldeck und Pyrmont, declare as follows:

1. I am an attorney with Freshfields Bruckhaus Deringer LLP, counsel to Apple Inc. ("Apple"). I have been licensed to practice law in Germany since 2003.

2. I am familiar with the facts set forth in this declaration from personal knowledge and documents I have reviewed.

3. I have submitted a declaration in support of Apple's Motion To Quash Subpoena In A Civil Case dated May 2, 2014 (hereinafter: "First Waldeck Declaration"). Herewith, I submit a second declaration in support of Apple's Reply in support of its Motion To Quash Subpoena In A Civil Case.

4. On January 24, 2014 and outside of the court's briefing schedule, IPCom filed a third submission of more than 100 pages in the EP 268 infringement proceedings. More than 60 pages of the brief were devoted to the briefing of damages.

5. IPCom relies on its request for a specified amount of damages in its appeal as a reason the appeals court might decide on the amount of damages. But this request was a pro forma matter: procedurally, IPCom had to include its request for specified damages in its appeal in order to be able to pursue it further—including in any remand in the district court. If IPCom had not moved that the Court of Appeal also awarded damages, the District Court's dismissal of its partial claim to a specified amount of over € 1.5 billion would not have been appealed and would have become final. Without this motion, the Court of Appeal would be barred even from considering whether to address the amount of damages or not.

6. Although a remand is an exception to the appellate court deciding the entire case (see Stein/Jonas/Althammer, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 no. 22), the legislature explicitly codified in section 538 para. 2 Code of Civil Procedure a number of circumstances where such an exception may be warranted, and the German appellate courts should have discretion to remand. A primary rationale is to allow for initial fact-finding by the district court in order to avoid that parties lose a fact-finding instance due to a procedural error or a wrong assessment of a preliminary question (such as the question of infringement) by the lower court (Wieczorek/Schütze/Gerken, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2014), § 538

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

- 1 -

REPLY DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

no. 1.). That rationale strongly applies here, where the district court did not engage in any fact-finding on damages issues, instead deciding the case solely on the patent merits.

7. The principle of taking the most economical route to reach a verdict is a general principle of German civil procedure (see, e.g., Zöller, Code of Civil Procedure [Zivilprozessordnung], 30th Ed. (2014), Introduction no. 95), applying in the same manner in trial proceedings and proceedings before appellate courts. Likewise, the objective to dispose of an entire case in an efficient and timely manner applies to first instance and appellate proceedings in the same manner.

8. The Mannheim District Court deemed it expedient and most economical to put the question of damages on hold until the infringement had been finally adjudicated. It is not apparent why the Karlsruhe Court of Appeal – which is subject to the same procedural obligations set forth under Paragraph 6, above – should come to a different appraisal. The validity of the restricted claims of EP 268 are still being challenged in the opposition appeal proceedings before the Technical Boards of Appeal of the European Patent Office, and may be further restricted or even be fully invalidated as a consequence.

9. With regard to section 538 para. 2, no. 4 ZPO, the Court of Appeal has to remand the case if the dispute with regard to the amount is not ripe for decision (see, e.g. Rosenberg/Schwab/Gottwald, Civil Procedural Law [Zivilprozessrecht], 17th Ed. (2010), § 139 no. 35 to 37; Stein/Jonas/Althammer, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 no. 39).

10. The Supreme Court cases mentioned by IPCom (NJW-RR 2010, 1048 and NJW 2011, 769, 770) are not controlling law for the present case. Both decisions pertain to circumstances falling under Section 538 para. 2, *No. 1* Code of Civil Procedure which has the following wording:

> "The court of appeal may refer the matter to a court of lower instance, insofar as further hearings are required, while repealing the judgment and the proceedings, only:
>
> 1. Insofar as the proceedings before the court of first instance are subject to a material irregularity and, due to this irregularity, it will be necessary to take evidence in a comprehensive scope or under considerable expenditure of time and effort;
>
> …

and if one party petitions that the matter be referred to a court of lower instance." One requirement for the remand under that exception is that *"it will be necessary to take evidence in a comprehensive scope or under considerable expenditure of time and effort"*, and the interpretation of this condition is at the heart of the two Supreme Court Cases cited above. Such requirement, however, is absent from Section 538 para. 2, no. 4 Code of Civil Procedure, and thus, a "detailed and extensive" evidentiary hearing is not a condition for a remand. Likewise, the fact that an expert opinion would be needed does not preclude a remand under section 538 para. 2, no. 4 Code of Civil Procedure. Rather, a case is ripe for a decision where no further proceedings are necessary, in particular no taking of evidence according to section 355 et seq. Code of Civil Procedure, where sufficient evidence by (public) records and documents according to section 415 et seq. Code of Civil Procedure have been submitted, or where the requirements for estimating the amount according to section 287 para. 1, 1st sentence Code of Civil Procedure are fulfilled, or finally, where the plaintiff renounces or the defendant acknowledges the claimed amount (Baumbach/Lauterbach/Albers/Hartmann, Code of Civil Procedure [Zivilprozessordnung], 72nd Ed. (2014), § 538 no. 17; MüKO-Rimmelsbacher, Code of Civil Procedure [Zivilprozessordnung], 4th Ed. (2012), § 538 no. 59; Wieczorek/Schütze/Gerken, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2014), § 538 no. 1; all with further references). Here, further proceedings would clearly be needed.

11. If the Karlsruhe Court of Appeals concludes otherwise, it can be expected to provide prior notice to the parties. Where an appellate court deems that the question of the amount of damages is ripe for a decision, it must inform the parties if it intends to decide not only on the basis of the claim, but also on the amount of damages (Wieczorek/Schütze/Gerken, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2014), § 538 no. 60; see also Stein/Jonas/Althammer, Code of Civil Procedure [Zivilprozessordnung], 22nd Ed. (2013), § 538 no. 39). The rationale is to avoid a surprising decision for the parties, and it appears particularly apposite where the amount of damages was not discussed in the oral hearing below and where no evidence had been taken.

12. Thus far, the Court of Appeal has not issued a notice that it deems the case ripe for a decision and intends to decide also on the amount of damages. Also the Court's procedural orders issued thus far also do not contain any indication that it would do so.

- 3 -

REPLY DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

13. IPCom has also asserted the EP 268 patent against mobile network operators and other handset manufacturers. For example, the patent-in-suit is asserted in the infringement proceedings IPCom GmbH & Co. KG v. Nokia Corp. (*"IPCom v. Nokia"*) currently pending before the same Karlsruhe Court of Appeal, file no. 6 U 29/11.

14. The Karlsruhe Court of Appeal has scheduled oral hearing in these proceedings for Wednesday, 28 May 2014, 2:00 p.m. Attached as Exhibit G is a true and correct copy of the English translation of the summons to the oral hearing.

15. The Karlsruhe Court of Appeal will issue a decision immediately at the end of the oral hearing only in exceptional circumstances. As a rule, it will set the date when the decision will be announced, which usually will be about six to ten weeks after the oral hearing.

16. When the Karlsruhe Court of Appeals issues a decision on the merits in the *IPCom v. Nokia* proceedings, it will review the lower court's decision and determine, in particular, whether the EP 268 patent is essential to the UMTS standard or not.

17. The Karlsruhe Court of Appeal's decision in *IPCom v. Nokia* (file no. 6 U 29/11) with respect to alleged standard essentiality will not formally bind the outcome of the infringement (appeal) proceedings IPCom initiated against Apple based on EP 268—but it will likely be indicative of how the court will decide this question in *IPCom v. Apple*. Although the appellate court could theoretically issue a diverging decision in *IPCom v. Apple*, I believe this would be extremely unlikely. The determination of standard essentiality will be made without regard to the manufacturer's product implementation in the *IPCom v. Nokia* case. Moreover, the patent could be further restricted or even invalidated in the pending opposition appeal proceedings by the time the oral argument is heard in IPCom's appellate proceedings against Apple.

18. Therefore, I believe it would be even more unlikely that the Karlsruhe Court of Appeal would address the amount of damages in the present litigation against Apple if it determines that EP 268 is not standard essential in *IPCom v. Nokia* (file no. 6 U 28/11).

//
//
//

- 4 -

REPLY DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 27, 2014

*/s/ Wolrad Prinz zu Waldeck*

Wolrad Prinz zu Waldeck und Pyrmont

- 5 -

REPLY DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA