MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JOSEPH MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel:   (617) 526 6396
Fax:   (617) 526 5000

MATTHEW J. HAWKINSON (SBN 248216)
matthew.hawkinson@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, California 90071
Tel:   (213) 443-5473
Fax:   (213) 443-5400

*Attorneys for Apple Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG, | Case No. 5:14-MC-80037-EJD (PSG) |
| Plaintiff, | **APPLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO QUASH SUBPOENA IN A CIVIL CASE** |
| vs. | |
| APPLE INC., | **Judge:** Hon. Paul S. Grewal |
| Defendant. | **Courtroom:** 5, 4th Floor |
| | **Date:** N/A |
| | **Time:** N/A |

Pending before the Court is Apple's Motion to Quash IPCom's Section 1782 subpoena seeking Apple patent license agreements containing highly confidential and sensitive information. IPCom is seeking such information for use in German patent litigation that IPCom has already lost—a loss based solely on the patent merits, with the district court not reaching the issue of damages. That decision is now on appeal before the Karlsruhe Court of Appeals.  As Apple explained in its earlier briefing (Dkt. Nos. 7, 14), IPCom's subpoena is untimely and the requested discovery is unnecessary for IPCom to litigate the appeal.  Moreover, in the event the appeals court reverses on the patent merits, it would likely remand for further proceedings on damages—and the Court could consider quashing without prejudice, to allow IPCom to refile later if it prevails in its appeal of the patent merits.

A recent decision by the Karlsruhe Court of Appeals (file no 6 U 29/11) indicates that IPCom is unlikely to prevail on appeal.  As discussed in Apple's earlier briefing, IPCom asserted the first-filed patent-in-suit (*i.e.*, EP1 841 268, sometimes referred to by IPCom as the "#100a Patent") in a parallel litigation against Nokia.  In 2011, the Mannheim District Court found Nokia to infringe. (Third Declaration of Wolrad Prinz zu Waldeck and Pyrmont ¶ 5.)  However, the European Patent Office subsequently narrowed the scope of the claims of the EP 268 patent.  (*Id.*)  On July 9, 2014, the Karlsruhe Court of Appeal—the same court hearing the appeal in the *IPCom v. Apple* litigation—vacated the Mannheim District Court's *Nokia* judgment in view of the restricted claim scope.  (*Id.*)  The Court of Appeal held that the EP 268 patent was not essential to the cellular standard specification that IPCom had cited in support of its infringement allegations, and Nokia had not infringed either literally or under the doctrine of equivalents.  (*Id.*)  A German copy of the decision is attached as Exhibit 1; an English translation will be submitted as soon as it is completed.

Because IPCom's infringement allegations against Apple for the EP 268 patent are based on the same cellular standard specification that IPCom cited against Nokia, the Court of Appeal *Nokia*

- 1 -

APPLE'S NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION TO
QUASH SUBPOENA
Case No. 5:14-MC-80037-EJD (PSG)

decision should presage defeat for IPCom in its appeal of its EP 268 patent loss against Apple.  This is yet further reason to reject IPCom's attempt to use a Section 1782 subpoena to obtain highly sensitive licensing information during the pendency of an appeal that could well end in defeat—and thereby moot any need for the requested licenses.

\* \* \*

Apple respectfully asks that the Court quash the subpoena with prejudice—or, at a minimum, quash the subpoena without prejudice to allow IPCom to refile in the unlikely event it prevails on appeal of the district court's decision against IPCom on the patent merits.

Dated:  July 14, 2014

Respectfully submitted,

APPLE INC.

By its attorneys,

 /s/ Joseph Mueller
Joseph Mueller (admitted *pro hac vice*)
WILMER CUTLER PICKERING
   HALE AND DORR LLP