MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JOSEPH MUELLER (admitted *pro hac vice*)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel:   (617) 526 6396
Fax:   (617) 526 5000

MATTHEW J. HAWKINSON (SBN 248216)
matthew.hawkinson@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue
Los Angeles, California 90071
Tel:   (213) 443-5473
Fax:   (213) 443-5400

*Attorneys for Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 5:14-MC-80037-EJD (PSG)<br><br>**THIRD DECLARATION OF WOLRAD PRINZ ZU WALDECK UND PYRMONT IN SUPPORT OF APPLE INC.'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE** |

I, Wolrad Prinz zu Waldeck und Pyrmont, declare as follows:

1. I am an attorney with Freshfields Bruckhaus Deringer LLP, counsel to Apple Inc. ("Apple"). I have been licensed to practice law in Germany since 2003.

2. I am familiar with the facts set forth in this declaration from personal knowledge and documents I have reviewed.

3. I have submitted a declaration in support of Apple's Motion To Quash Subpoena In A Civil Case dated May 2, 2014 (hereinafter: "First Waldeck Declaration"), and a second declaration in support of Apple's Reply in support of its Motion To Quash Subpoena In A Civil Case (hereinafter "Waldeck Reply Declaration"). Herewith, I submit a third declaration in support of Apple's Reply in support of its Motion To Quash Subpoena In A Civil Case.

4. On July 9, 2014, the Karlsruhe Court of Appeal announced its decision in the related *IPCom v. Nokia* proceedings (file no. 6 U 29/11) (see Waldeck Reply Declaration ¶¶ 13-18), involving IPCom's EP 268 patent, which IPCom sometimes refers to as the "#100a Patent." Attached as Exhibit H is a copy of the judgment. An English translation thereof is being prepared and will be submitted as soon as it is complete.

5. In the district court proceedings in the *Nokia* case, the Mannheim Court issued its judgment on February 18, 2011 (file no. 7 O 100/10), finding Nokia to infringe the patent as originally granted. However, in the course of subsequent opposition (i.e., patent invalidity) proceedings against the EP 268, the Technical Boards of Appeal of the European Patent Office significantly restricted the scope of the claims of the EP 268 patent—as set out in the Boards of Appeals decision of March 7, 2013 (file no. T 1282/12). The Boards of Appeal found the patent partially invalid due to an inadmissible extension of subject matter, restricted the scope of the remaining claims, and remanded the restricted patent to the Opposition Division of the European Patent Office for further review of the substantive requirements of patentability. These proceedings are ongoing. The restrictions imposed by the European Patent Office are already final limitations of the EP 268 patent; the ongoing opposition proceedings against the patent based on the Technical Boards of Appeal's remand can only result in a further restriction of the patent or its complete invalidation.

- 1 -

THIRD DECLARATION OF WOLRAD
PRINZ ZU WALDECK UND PYRMONT IN
SUPPORT OF MOTION TO QUASH SUBPOENA

6. In its decision of July 9, 2014, the Karlsruhe Court of Appeal court vacated the judgment below and dismissed IPCom's complaint, holding that the EP 268 Patent as restricted by the European Patent Office is not standard essential, and that Nokia did not infringe either literally or under the doctrine of equivalents.

7. As stated in my earlier Reply Declaration (at ¶ 17), the Court of Appeal's *Nokia* decision will not formally bind the outcome of the Court of Appeals *IPCom v. Apple* proceedings regarding the EP 268 patent. Nevertheless, IPCom's EP 268 patent infringement allegations against Apple were based on the same sections of the UMTS standard on which IPCom relied for its EP 268 patent infringement allegations against Nokia, and thus the Court of Appeal's *Nokia* decision likely indicates the *Apple* outcome for those same EP 268 patent allegations. Although the appellate court could theoretically issue a diverging decision in *IPCom v. Apple*, I believe this would be extremely unlikely.

8. The Karlsruhe Court of Appeal gave IPCom leave to pursue a further appeal on points of law to the Federal Supreme Court. Such further appeal proceeding, if initiated, would be expected to take between 18 and 24 months—and will likely be decided only after the Karlsruhe Court of Appeal concludes the *IPCom v. Apple* appeal proceedings.

9. Given that the *Nokia* decision is a strong indicator that Karlsruhe Court of Appeals will affirm the district court's adverse judgment against IPCom in the *Apple* case, the *Nokia* decision only strengthens my previously expressed belief that it would be very unlikely that the Karlsruhe Court of Appeal would address damages on appeal. Damages will be a moot point if the adverse merits judgment against IPCom is affirmed, and in the unlikely event that the Court of Appeals reverses on the merits, I believe it would remand the case to the Mannheim District Court to address damages in the first instance.

10. For these reasons, the new *Nokia* decision underscores that IPCom has no present need for Apple's confidential license information.

//
//
//

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 14, 2014

*[signature]*

Wolrad Prinz zu Waldeck und Pyrmont