1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Brian C. Cannon (Bar No. 193071)
2     briancannon@quinnemanuel.com
     Cheryl A. Galvin (Bar No. 252262)
3     cherylgalvin@quinnemanuel.com
   555 Twin Dolphin Drive, 5th Floor
4  Redwood Shores, California  94065-2139
   Telephone:     (650) 801-5000
5  Facsimile:     (650) 801-5100

6  Attorneys for IPCom GmbH & Co. KG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IPCOM GMBH & CO. KG, | CASE NO.: 5:14-mc-80037-EJD-PSG |
|---|---|
| Plaintiff, | **IPCOM'S OBJECTION TO APPLE'S "NOTICE OF SUPPLEMENTAL AUTHORITY"** |
| vs. | |
| APPLE INC., | **Judge:   Hon. Paul S. Grewal** |
| Defendant. | **Taken Under Submission Without Oral Argument** |

IPCOM'S OBJECTION

## I. INTRODUCTION

Apple Inc. ("Apple") has improperly filed additional briefing in support of its motion to quash the narrowly-tailored document subpoena timely served on it by IPCom GmbH & Co. KG ("IPCom"). Under the guise of filing a "Notice of Supplemental Authority," Apple has submitted additional briefing and a third factual declaration. This is improper, and the documents should be stricken.

## II. FACTUAL BACKGROUND

On February 7, 2014, IPCom filed an *ex parte* application in this Court seeking an order pursuant to 28 U.S.C. § 1782 granting leave to obtain discovery of Apple's license agreements for patents declared essential for certain telecommunication standards. (Dkt. 1). On April 10, 2014, this Court issued an order granting IPCom leave to serve the requested document subpoena on Apple. (Dkt. 5). IPCom served the document subpoena on Apple on April 11, 2014. (Dkt. 10-2, Ex. 1). Apple did not respond or object to the document subpoena; instead, Apple filed a motion to quash the subpoena on May 5, 2014. (Dkt. 7). Motorola opposed on May 19, 2014. (Dkt. 10). IPCom seeks the licenses for use in its patent infringement litigation currently on appeal in the German court system. It is undisputed that the German system allows IPCom to submit the licenses as evidence of damages to the German appeals court, which can act as a fact-finder. IPCom still intends to submit the license agreements that it has subpoenaed from Apple to the Court of Appeals. IPCom may do so as soon as it receives the licenses.

The parties have already fully briefed the motion to quash, with Apple filing its reply brief on May 27, 2014. (Dkt. 14). The Court vacated the June 10, 2014 hearing date and took the matter under submission. (Dkt. 13). On July 15, 2014, Apple filed a "Notice of Supplemental Authority," along with a Third Declaration of Wolrad Prinz Zu Waldeck und Pyrmont in Support of Apple Inc.'s Motion to Quash Subpoena in a Civil Case. (Dkt. 15).

## III. ARGUMENT & OBJECTION

Under N.D. Cal. Local Rule 7-3(d), after a reply is filed, neither party may file "additional memoranda, papers or letters . . . without prior Court approval," with the exceptions of Objections to Reply Evidence or a Statement of Recent Decision. N.D. Cal. L.R. 7-3(d). Such Statement

of Recent Decision, which may only be filed before the noticed hearing date, can be filed "containing a citation to and providing a copy of the new opinion—without argument." N.D. Cal. L.R. 7-3(d)(2). Here, without seeking leave from the Court, Apple filed its "Notice of Supplemental Authority" ("Notice") long after the original (but now vacated) hearing date of June 10, 2014. Far from containing merely a citation to the decision that it attaches, the Notice improperly contains additional argument in support of its motion to quash. In addition, Apple filed a Third Declaration of Wolrad Prinz Zu Waldeck und Pyrmont In Support of Apple Inc.'s Motion to Quash Subpoena in a Civil Case. (Dkt. 15-1). By filing such a declaration containing new factual information in support of the fully-briefed motion, Apple violates this Court's rules. Therefore, Apple's submissions should be stricken.

If the Court is inclined to consider Apple's improper submission, Apple's argument regarding the significance of the decision from the *IPCom v. Nokia* proceedings is incorrect. As even Waldeck admits in his declaration, "the Court of Appeal's *Nokia* decision will not formally bind the outcome of the Court of Appeals *IPCom v. Apple* proceedings regarding the EP 268 patent." (Third Declaration of Wolrad Prinz Zu Waldeck und Pyrmont ("Waldeck Decl."), Dkt. 15-1, ¶ 7). In addition, IPCom is appealing the *Nokia* decision to the Federal Supreme Court, so the decision may still be overturned. (Waldeck Decl., ¶ 8). The *IPCom v. Apple* proceedings continue, the Court of Appeal will evaluate the arguments in that case on their merits, and Apple's claims that the Court of Appeal may or may not rule in a certain way in a certain amount of time are pure speculation and should be given no credence. As IPCom has previously argued, it intends to submit the requested licenses to the Court of Appeal to demonstrate the value of the patents, which the Court of Appeal may determine. (Dkt. 10-1, ¶¶ 11-13). If the Court would like further information, IPCom can submit additional briefing to further explain the irrelevance of the *Nokia* decision to the current need for the requested licenses.

### IV.   CONCLUSION

For the foregoing reasons, IPCom respectfully requests that Apple's Notice and accompanying declaration be stricken and that Apple be ordered to fully comply with the subpoena.

1

2  DATED:   July 18, 2014                    Respectfully submitted,

3

4                                             /s/    *Brian C. Cannon*
                                            Brian C. Cannon
5                                           QUINN EMANUEL URQUHART
                                             & SULLIVAN, LLP
6
                                            Attorneys for IPCom GmbH & Co. KG
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-