1
2
3
4
5
6
7

8       UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10      SAN JOSE DIVISION

11  IPCOM GMBH & CO. KG,                )    Case No. 5:14-mc-80037-EJD-PSG
                                        )
12              Plaintiff,              )    **ORDER DENYING APPLE'S**
                                        )    **MOTION TO QUASH SUBPOENA IN**
13      v.                              )    **A CIVIL CASE**
                                        )
14  APPLE INC.,                         )    **(Re: Docket No. 7)**
                                        )
15              Defendant.              )
                                        )
16  _____

17          Before the court is Apple Inc.'s motion to quash IPCom GMBH & Co. KG's subpoena for

18  Apple's license agreements, which was served pursuant to 28 U.S.C. § 1782.[1]  The matter was

19  submitted without oral argument pursuant to Civ. L.R. 7-1(b).  Having reviewed the papers, the

20  court DENIES Apple's motion to quash.

21                          **I. BACKGROUND**

22          On March 2, 2012, IPCom filed an infringement action against Apple in Germany, asserting

23  European patent EP 1 841 268.[2]  On May 7, 2013, IPCom amended its complaint to include

24
25
26

27  _____

    [1] *See* Docket No. 7.

28  [2] *See* Docket No. 7-2 at 2-3.

                            1

*United States District Court*
*For the Northern District of California*

German patent DE 199 10 239.[3]  IPCom alleges that the '268 and '239 patents are essential to the

3GPP UMTS wireless standard[4] and sought damages in excess of €1.5 billion.[5]  The parties agree

that it is common in German patent litigation for plaintiffs to seek judgment only on infringement

and to defer judgment on damages to a second proceeding.[6]  They also agree that IPCom's decision

to seek judgment on both infringement and damages in the initial proceeding is not barred by

German procedural rules.[7]

    The parties engaged in extensive briefing on the patent infringement and damages issues

before the Mannheim Regional Court.[8]  As part of that briefing, Apple represented that it entered

into license agreements with other manufacturers covering a number of patents essential to UMTS

and GSM, GRPS and EDGE wireless standards.[9]  On February 11, 2014, the court conducted an

oral hearing before a three-judge panel, which is the German equivalent of a trial.[10]  The court

declined to hear evidence on damages, stating that it would first adjudicate the infringement

claims.[11]  On February 28, 2014, the court dismissed IPCom's infringement claims, finding no

---

[3] *See* Docket No. 7-6 at 2-3.

[4] *See* Docket No. 2 at ¶ 5.

[5] *See* Docket No. 7-5 at 3.

[6] *See* Docket Nos. 7-1 at ¶ 9 and 10-1 at ¶ 4.

[7] *See id.*

[8] *See* Docket Nos. 7-1 at ¶ 10 and 10-1 at ¶ 5.

[9] *See* Docket No. 10-1 at ¶ 6 ("On September 24, 2013, Apple alleged in its briefing for the first time that it has licensed about 75% of all patents declared as essential for the 2G and 3G standards from over 25 companies."); *see also* Docket No. 1 at 3 ("A disputed issue in the 2 O 53/12 and 2 O 95/13 actions in Germany concerns Apple's licenses for wireless communications technologies.  In the pending German litigation, Apple claimed that it has allegedly concluded license agreements covering a number of patents that are declared essential to UMTS and GSM, GPRS, and EDGE.").

[10] *See* Docket No. 10-1 at ¶ 7; *see also* Docket No. 7 at 3.

[11] *See* Docket No. 7-1 at ¶ 11 and 12 ("The court clarified that if IPCom had eventually succeeded in establishing infringement, the court would have issued an interlocutory judgment only as to the infringement claim . . . which is subject to a separate appeal—and would address the amount of damages only after a finding of infringement has become final.").

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

United States District Court
For the Northern District of California

infringement of the '268 and '239 patents.[12]  Because it found no infringement, the district court did not reach the damages issue.  On March 6, 2014, IPCom filed a timely appeal with the Federal Court of Justice of Germany in Karlsruhe.[13]  "The entire case including the question of the amount of damages owed is now before the Court of Appeals."[14]

On February 7, 2014, in preparation for the German trial, IPCom filed an ex parte application in this court pursuant to Section 1782 seeking leave to obtain copies of Apple's license agreements for use in the German proceeding.[15]  IPCom argued that "such license agreements are directly relevant to the damages calculation in that action."[16]  On April 10, 2014, IPCom complied with this court's status request and filed a status update explaining that the suit was pending before the German appeals court.[17]  IPCom also advised that unlike American appellate courts, German appellate courts may receive facts on appeal.[18]  Finding that the discovery sought remained warranted pursuant to Section 1782, the court granted IPCom leave to obtain copies of Apple's license agreements, without prejudice to any motion to quash.[19]  On May 5, 2013, Apple so moved.[20]

---

[12] See Docket Nos. 7-7 and 7-8.

[13] See Docket No. 10-1 at ¶ 9.

[14] See id. at ¶ 10.

[15] See Docket No. 1.

[16] See id. at 3.

[17] See Docket No. 3.

[18] See Docket No. 3 at 1 ("Unlike appellate courts in the United States, German appellate courts may act as a fact-finder.  As a result, the discovery sought by IPCom's pending § 1782 application remains warranted and may be used and relied upon by the German appellate courts in their decisions, including in the calculation of damages.") (citation omitted).

[19] See Docket No. 5 at 5.

[20] See Docket No. 7.

3

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

United States District Court
For the Northern District of California

## II. LEGAL STANDARDS

"Under 28 U.S.C. § 1782, a district court may order a person residing or found within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege."[21] A district court may issue such an order where: (1) the discovery is sought from a person residing in the district to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."[22]

A district court has wide discretion to grant or deny a Section 1782 application.[23]   The Supreme Court has provided a "non-exhaustive"[24] list of factors that a court should consider: (1) whether the "person from whom the discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome."[25]

It is common for parties to file ex parte applications, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to

---

[21] *See In re Ex Parte Application of Apple Inc., Apple Retail Ger. GMBH, and Apple Sales Int'l*, Case No. 3:12-mc-80013-JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citing 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004)).

[22] 28 U.S.C. § 1782; *see In re Republic of Ecuador*, Case No. 3:10-mc-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010).

[23] *See Intel Corp.*, 542 U.S. at 264.

[24] *In re Ex Parte Application of Apple Inc.*, 2012 WL 1570043, at *1.

[25] *Intel*, 542 U.S. at 264-65; *see also In re Ex Parte Application of Apple Inc.*, 2012 WL 1570043, at *1.

4

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

quash the discovery or to participate in it."[26]   In a motion to quash a subpoena issued in civil

litigation, however, the burden of persuasion is borne by the movant.[27]

### III. DISCUSSION

This court previously concluded that it had the legal authority to grant IPCom's ex parte

application to issue the subpoena to Apple.[28]   The court noted that (1) Apple resides in this district,

(2) the discovery would be of use in German litigation and (3) the application is brought by a party

to that German litigation.[29]   Apple does not contest that this court has the discretion to issue an

order pursuant to Section 1782.[30]   Apple instead argues that three discretionary factors weigh in

favor of granting Apple's motion to quash: (1) IPCom's subpoena is untimely; (2) IPCom has no

current need for the requested discovery; and (3) IPCom may intend to use the license agreements

for improper purposes.[31]

**A.      IPCom's Subpoena Is Timely**

Apple first argues that IPCom's subpoena should be quashed as untimely given the

procedural posture of the German litigation.[32]   It asserts that IPCom is inappropriately "seeking

---

[26] *In re Republic of Ecuador*, 2010 WL 3702427, at *2.

[27] *See In re Ex Parte Application of Apple Inc.*, 2012 WL 1570043, at *1 (citing *Green v. Baca*, 226 F.R.D. 624 (C.D. Cal. 2005)); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) ("Once a section 1782 applicant demonstrates need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives.").

[28] *See* Docket No. 5.

[29] *See id.*

[30] *See* Docket No. 7.

[31] *See id.* at 5-8 ("In sum, Apple asks that the Court quash the subpoena, given the merits judgment against IPCom in Germany; IPCom's undue delay in seeking this discovery; and the unavailability of using § 1782 to obtain information for non-litigation purposes like license negotiations.").

[32] *See id.* at 5.

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

United States District Court
For the Northern District of California

discovery for use after trial has concluded."[33]   The Supreme Court has held that though the

proceeding for which discovery is sought under Section 1782 must be "within reasonable

contemplation," it need not be "'pending' or 'imminent.'"[34]   While Apple is correct that the trial

before the German district court has concluded, the German proceeding remains pending before the

Court of Appeals. [35]   IPCom's subpoena thus meets and exceeds the Supreme Court's standard for

timeliness.

Apple's reliance on two Southern District of New York cases in which the court denied

Section 1782 applications as untimely is misplaced.[36]   In *Aventis Pharma v. Wyeth*, the court

denied Aventis' application for two reasons.[37]   First, the *Aventis* court noted that Aventis did not

seek production in French court despite the French court's apparent jurisdictional reach over the

documents.[38]   Here, although Apple does not expressly argue that IPCom could have sought

production in German court, the court notes that IPCom could not have done so as "a party in a

German lawsuit can only request specific documents from his adversary, not categories of

documents."[39]

Second, the *Aventis* court refused to allow Aventis to "rush to a U.S. Court on the eve of an

appeal in hopes of obtaining discovery it could have requested in this same Court" at the outset of

---

[33] Docket No. 7 at 5.

[34] *Intel*, 542 U.S. at 259.

[35] *See* Docket No. 10-1 at ¶ 9 and 10.

[36] *See* Docket No. 7 at 4-5.

[37] *See Aventis Pharma v. Wyeth*, Case No. M-19-70, 2009 WL 3754191, at *1 (S.D.N.Y. Nov. 9, 2009).

[38] *See id.*

[39] Docket No. 10-1 at ¶ 18; *see also* Docket No. 5 at 4 (granting IPCom's ex parte Section 1782 application and noting that "the requested information therefore does not appear within the immediate reach of a German tribunal); *Heraeus Kulzer, GmbH*, 633 F.3d at 597 ("Heraeus cannot obtain even remotely comparable discovery by utilizing German procedures.").

6

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

the French litigation.[40]   The court stated that "the timing of Aventis' request" would create a "'fire drill'" that would place "a burden on Wyeth so great that they can not produce the requested documents in time for the French appeal."[41]   Here, because "the appellate briefing will continue, likely for many more months," there is no reason to believe, and Apple does not even claim, [42] that production for the appeal will be burdensome.[43]

## B.   IPCom Has A Current Need for the Requested Discovery

As previously noted, IPCom made the unusual but permissable decision to seek judgment on both infringement and damages before the German district court.[44]   Therefore, although the district court did not reach the damages issue, "the entire case including the question of the amount of damages owed is now before the Court of Appeals."[45]   IPCom has stated that because "the license agreements sought are directly relevant to the damages calculation" in the action, [46] IPCom "intends to submit the requested licenses to the appellate court."[47]

---

[40] *Id.*

[41] *See id.*, at *2.

[42] Docket No. 10-1 at ¶ 17.   Apple agrees that it is "possible" that the appellate briefing in this case will continue for several months.  Docket No. 14 at 3.  Apple's arguments regarding the status of the appeal in *IPCom GmbH & Co. KG v. Nokia Corp* are irrelevant to the timeliness issue, as that case has already been decided.  *See* Docket No. 15.  Moreover, the imminence of a different case has no bearing on Apple's ability to produce discovery in this case.  *See* Docket No. 14 at 3.

[43] *In re Application of Mare Shipping Inc. and Apostolos Mangouras*, Case No. 13-Misc.-238, 2013 WL 5761104 (S.D.N.Y. Oct. 23, 2013), is likewise distinguishable.  In that case, the court denied the applicants' Section 1782 application because the Spanish court had jurisdictional reach over the discovery.  *See id.*, at *5.

[44] *See* Docket Nos. 7-1 at ¶ 9 and 10-1 at ¶ 4.

[45] *See id.* at ¶ 10.

[46] *See* Docket No. 1 at 3.

[47] Docket No. 10-1 at ¶ 11.

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

Apple counters that the appeals court is unlikely to address the damages issue, so IPCom does not currently need the requested discovery.[48]  Apple further argues that even in the unlikely event that the appeals court reverses the finding of noninfringement,[49] it will likely remand the case to the district court for consideration of damages.[50]  Apple therefore contends that the odds that IPCom will need the license agreements for the appellate proceeding are "vanishingly small."[51]  Yet Apple does not argue that there is no chance that the appeals court will reverse and consider damages, only that such an outcome is highly unlikely.  It cites no authority for the proposition that this court should deny IPCom access to discovery that may, even with low probability, be relevant to the appellate proceeding.[52]  Moreover, Apple's argument that "at a minimum," the court should quash IPCom's subpoena without prejudice "to allow IPCom to refile later if it prevails in its appeal of the patent merits," is without basis.[53]  Apple provides no rationale for delaying production of the license agreements nor any evidence or argument that the burden will change at all over time.[54]

---

[48] *See* Docket No. 7 at 6-7.

[49] Apple filed a notice of supplemental authority in support of its motion to quash informing the court of the Karlsruhe Court of Appeals' holding in the parallel litigation between IPCom and Nokia.  "The Court of Appeal held that the EP 268 patent was not essential to the cellular standard specification that IPCom had cited in support of its infringement allegations, and Nokia had not infringed."  Docket No. 15 at 2.  Apple argues that this decision "should presage defeat for IPCom" in its appeal against Apple.  *Id.*

[50] Apple admits that "German appellate courts do have some discretion to determine damages." Docket No. 7 at 6.

[51] Docket No. 14 at 4.

[52] Apple also argues that even if the German appeals court addresses the damages issue, IPCom has failed to show that the license agreements are relevant to the damages issue.  *See* Docket 14 at 3.  However, this court has already held that "IPCom targets Apple's relevant, standards-essential license agreements related to wireless communications technology."  Docket No. 5 at 5.

[53] Docket No. 14 at 4.

[54] *See id.*

8

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

## C.     IPCom Does Not Intend to Use the Requested Discovery for an Improper Purpose

Apple finally argues that IPCom's subpoena should be quashed "to the extent that IPCom seeks to use the discovery for an improper purpose."[55]  IPCom represents that it does not intend to use the license agreements for any purpose outside the ambit of Section 1782,[56] and Apple provides no reason to discredit IPCom's representation.[57]

In sum, production of the license agreements is warranted pursuant to Section 1782.  Apple shall produce the agreements to IPCom by August 27, 2014.

## D.     A Protective Order is Warranted

Apple also requests that, in the event that this motion is denied, the license agreements be subject to a protective order limiting access to IPCom's outside counsel that do not have any financial interest in IPCom and that do not represent IPCom in licensing negotiations.[58]  Apple's request is reasonable, and in any event, IPCom has agreed to such a protective order.[59]  The parties shall submit a proposed protective order by August 13, 2014.

**IT IS SO ORDERED.**

Dated: July 28, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[55] Docket No. 7 at 7.

[56] *See* Docket No. 10-1 at ¶ 11 ("IPCom intends to submit the license agreements that it has subpoenaed from Apple to the Court of Appeals for use in the appellate proceeding.").

[57] *See* Docket No. 7 at 7.

[58] *See id.*

[59] *See* Docket No. 10 at 6.

9

Case No. 5:14-mc-80037-EJD-PSG
ORDER DENYING APPLE'S MOTION TO QUASH SUBPOENA IN A CIVIL CASE