UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IPCOM GMBH & CO. KG,<br><br>    Plaintiff,<br><br>    vs.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO. 5:14-mc-80037-EJD-PSG<br><br><br>STIPULATION AND [~~PROPOSED~~]<br>  PROTECTIVE ORDER |

On April 10, 2014, the Court issued its Order pursuant to 28 U.S.C. § 1782 granting IPCom GMBH & Co. KG ("IPCom") leave to obtain discovery from Apple Inc. ("Apple") for use in foreign proceedings.  On April 11, 2014, IPCom served Apple with a subpoena identifying the documents it seeks for use in those foreign proceedings.  Apple filed a motion to quash that subpoena, but after full briefing by the parties, the Court issued an Order on July 28, 2014 denying Apple's motion to quash and ordering Apple to produce the requested documents no later than August 27, 2014.  The Court also ordered the parties to submit a proposed protective order by August 13, 2014.

Whereas, Apple wishes to protect the confidential, proprietary, and/or commercially sensitive information of certain documents sought by IPCom;

Apple and IPCom hereby stipulate and agree as follows:

The Court hereby orders that Apple may, in good faith, designate material produced in response to this subpoena that is confidential, proprietary, and/or commercially sensitive information marked as "CONFIDENTIAL." Once produced and so designated, or if no designation is necessary, Apple may use these documents in the foreign proceedings to the same extent as IPCom.

The following protections shall apply to information produced by Apple pursuant to the subpoena at issue marked CONFIDENTIAL:

1. IPCom's in-house counsel and other IPCom personnel shall not be permitted access to confidential information;

2. IPCom shall not permit access to the confidential information by anyone except:

(a) German court personnel;

(b) Qualified Retained Experts as defined below; and

(c) IPCom outside counsel who (1) do not have any financial interest in IPCom, (2) do not represent IPCom in any licensing negotiations, (3) have agreed in writing to be bound to the terms of this protective order, and (4) who need to see this Apple confidential information for purposes of putting on IPCom's claims or defenses in any German litigation(s);

3. "Qualified Retained Experts" as used above means retained experts who are qualified in advance with an opportunity for Apple to make reasonable objections within ten (10) calendar days after disclosure of any such expert. If, after meeting and conferring in good faith following such objection, the parties are unable to resolve the objection,

Apple shall have five (5) calendar days from the date of its objection in which to file a motion for a protective order with this Court, after which time it shall be deemed to have waived its objections. Each such qualified expert will agree in writing to be bound to the terms of this protective order and will only be given access if he or she needs to see Apple's confidential information for purposes of putting on IPCom's claims or defenses in any German litigation(s);

4. IPCom agrees to submit any written materials containing confidential information in a redacted form if reasonably feasible or, if redaction is not feasible, after designating these materials "Highly Confidential" and requesting the competent German court to exclude these materials from any third party access to the court files. IPCom further agrees to stipulate and move any applicable German court to close the courtroom during those portions of hearings when Apple's confidential information is to be discussed. If the German court refuses to close the courtroom, IPCom may nevertheless make use of the Apple confidential information, but agrees to use its best efforts to ensure that Apple's confidential information will not be made public, including, for example, referring to citations to the sealed written record and directing all witnesses to refer to citations to the written record. In any situation where Apple confidential information must be made public in a German court, IPCom will continue to use its best efforts to minimize the Apple confidential information that would in fact be made public, both in terms of quantity and the commercial sensitivity of such Apple confidential information;

5. After receiving notice IPCom will promptly notify Apple and its counsel of any attempt by a third party to the German proceedings to access any such Apple confidential information that was in fact used in those proceedings, or of any attempt by any third party to intervene in the German proceedings, in sufficient time to allow Apple to object, with the cooperation of the parties in the proceeding, and to have such objection timely resolved by the German court to ensure adequate protections remain in place;

6. After and to the extent IPCom receives notice, IPCom will object to any attempt by a third party to access any such Apple confidential information submitted to the court in the German proceedings; and

7. IPCom will give Apple advance notice (at least 2 weeks where possible, and promptly where IPCom has less than 2 weeks notice) of any hearings at which its confidential information may be used and an opportunity to attend.

1  DATED: August 13, 2014          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                   By: /s/ Brian Cannon
                                       Brian Cannon
                                       Attorneys for IPCom

DATED: August 13, 2014             WILMER CUTLER PICKERING HALE AND DORR LLP

                                   By: /s/ Mark Selwyn
                                       Mark Selwyn
                                       Attorneys for Apple

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: August 22, 2014

                                   By: _____
                                       Hon. Paul S. Grewal
                                       United States Magistrate Judge